Alter Boyman, Ex'r, et als.
vs.
Willis B. Newton, et als.

Eq. No. 10248.

January 22, 1932.

BLODGETT, P. J. Heard upon bill, answer and proof.

The respondent Willis B. Newton held a mortgage on certain real estate of Annie Adelman, since deceased. This mortgage was foreclosed by said Newton, as by copy of advertisement annexed to the original bill of complaint will appear, and the property so mortgaged was sold at a foreclosure sale, in pursuance of said notice, to Pauline A. Newton, the highest bidder at said sale, and the premises duly conveyed to said purchaser by a mortgagee's deed duly executed and delivered.

The bill alleges that said respondent Pauline A. Newton, in whose name the property was bought, was the wife of Willis B. Newton, and that said Pauline subsequently conveyed same to Joseph A. Gerhard, the present holder.

The complainants comprise all the devisees under the will, duly probated, of said Annie Adelman, the executor of said will, Alter Boyman, and the Temkin Tobacco Co., an attaching creditor. The prayer of the bill is that said respondent Gerhard be declared to hold the said Cass Street and New York Avenue properties, or the proceeds thereof in case of sale, in trust for complainants, and to account to complainants in case a sale has been made of said land, and that said respondent Willis B. Newton be permanently enjoined from selling said property or assigning the mortgage upon the same.

There is no allegation of direct fraud in the bill, nor does the bill pray to have the mortgagee's sale set aside.

The prayer for relief seems to be based upon three allegations:

1. That the sale was oppressive by reason of the place where same was held, and on account of certain happenings at the time and place of the sale.

2. That said respondent Willis B. Newton made certain promises to the executor as to the amount he would bid at said sale.

3. That certain sums are due from the respondent Willis B. Newton, on account of rent more than sufficient to pay the amount overdue at the time of said foreclosure on account of said mortgage and mortgage notes.

As to the first allegation that the sale was oppressive the testimony discloses that the sale was made at the place named in the advertisement thereof and at the time named therein. This took place according to the terms of the powers of sale set forth in the mortgage deed. There were several persons present at the time and place of the sale.

There is no testimony in the record that any attempt was made to prevent any person present from bidding at said sale, or that the sale was hurried, or conducted, insofar as respondent or the auctioneer were concerned, in such a manner as to prevent bids by any onerous conditions imposed.

As to the third allegation of certain promises on the part of respondent Willis B. Newton to withhold foreclosure of said mortgage, and that the said respondent was a tenant of said deceased and agreed that the rent due should be credited upon said mortgage notes for interest and principal due, and that the amount of the rent accrued and due was more than the amount due at time of foreclosure upon said notes, and further that a custom had been established as to said rent and the interest due which precluded such foreclosure, the testimony shows:

That the complainants failed to establish any such promise.

That the notes and mortgage in question were part of a series of notes and mortgages given by deceased to Willis B. Newton, and that no definite testimony was adduced by complainants to substantiate payments sufficient to meet the interest due upon said notes.

As to the second allegation that said Newton agreed with complainants as to the amount he would bid at said foreclosure, complainants have failed to establish the burden of proof.

The sale under foreclosure took place May 22, 1930. No attempt was made by the present complainants to have the sale set aside as invalid although the executor of said Annie Adelman had qualified previous thereto.

The issues involved are all questions of fact and the Court is of the opinion that the complainants have failed to sustain the burden of proof resting upon them.

The bill is therefore dismissed.

For complainant: Joshua Bell, Arthur J. Levy.

For respondent: Frederick A. Jones, James M. Gillrain.